UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MATTHEW W. MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-301-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| OFFICER J. MIKE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Plaintiff Matthew W. Mitchell's motion to compel the production of certain documents relating to the defendant-officers' taser training. [Record No. 59] In their response, the defendants claim that they have already produced the requested documents. [Record No. 63, p. 1] Further, they argue that the motion should be denied as untimely and as deficient under Local Rule 37.1. [*Id.*, p. 3] The Court will deny the relief requested by Mitchell because the motion is: (i) deficient under the Federal Rules of Civil Procedure and the Local Rules of this Court; (ii) untimely; and (iii) moot.

**I.**

Mitchell alleges that Defendants Abdullah Bholat, Matt Reed, and Jason Mike used excessive force against him in connection with an arrest occurring during the early morning hours of July 24, 2013. [Record No. 1, pp. 3−5] He also asserts state law claims of assault, battery, negligence, and vicarious liability. [*Id.*, pp. 5−7] All other claims failed to survive summary judgment. [Record No. 54, p. 19]

- 1 -

On July 24, 2013, the defendant-officers arrived at Lisa Fagaly's residence in response to a neighbor's call regarding a fight involving Byron Fagaly (Lisa Fagaly's husband) and Matthew Mitchell (Lisa Fagaly's son). [Record No. 40, pp. 70–71] The officers proceeded to break-up the fight. [*Id.*, p. 73] At some point, the officers tackled Mitchell, gave him hard impact strikes, tased him, and placed handcuffs on him. [Record Nos. 41, pp. 91, 94, 101–02; 43, p. 26] But Mitchell claims that he did nothing to instigate the altercation and that he was handcuffed prior to being tased. [Record No. 41, pp. 92, 97] Conversely, the officers assert that they used the hard impact strikes and tased Mitchell to subdue and handcuff him. [Record No. 43, pp. 24, 26] Following the arrest, Mitchell pled guilty to alcohol intoxication, disorderly conduct, and resisting arrest. [Record No. 39-3]

According to the Scheduling Order entered December 12, 2014, the Court set August 31, 2015, as a deadline for completing all discovery. [Record No. 8, p. 2] Further, the parties' joint status reports indicate that discovery was completed by that date. [Record Nos. 37, 45] However, nearly two months later, the plaintiff moved the Court to re-open discovery, contending that an expert's review of Officer Mike's taser log rendered necessary further discovery into this officer's background. [Record No. 46] That motion was denied. Next, Mitchell moved the Court to direct Officer Mike to undergo a mental health evaluation but that motion was also denied. [Record Nos. 52, 53]

Undeterred, Mitchell moved the Court to compel the production of certain documents and (again) to re-open discovery. [Record No. 59] He alleges that the defendants have not complied with Rules 26 and 34 of the Federal Rules of Civil Procedure by failing to produce "the training materials for the TASER device used by the individual officers" on the night at

issue. [*Id.*, p. 1] He also claims that the defendants provided the training materials for the model X26 taser, but failed to provide the training materials for the model X2 taser which was used by Officer Mike on the night in question. [*Id.*]

Mitchell acknowledges that his motion is untimely. However, he asserts that he was unaware that the defendants had failed to comply with his requests for production until after the deadline for completing discovery had passed. [*Id.*, pp. 1–2] In particular, he argues that it was difficult for his expert to "wade through" an 87-page taser log, produced by the defendants on August 10, 2015, to discover that an X2 (rather than an X26) taser was used by Officer Mike. [*Id.*, p. 1] In their response, the defendants contend that the training materials they provided to the plaintiff refer to both the X26 and X2 models. [Record No. 63, p. 1] In support, they attached the outline for the training materials which explicitly states that it applies to both models. [Record No. 63-1]

## II.

Under Rule 37 of the Federal Rules of Civil Procedure, a party may move for an order compelling the production of requested documents where the other party has failed to produce them. Fed. R. Civ. P. 37(a)(3)(B)(iv). "The motion must include a certification that the movant has in good faith conferred or attempted to confer" with the party who failed to produce the requested document. Fed. R. Civ. P. 37(a)(1). Under Local Rule 37.1, the moving party "must attach to every discovery motion" such a certification, detailing counsel's attempts to resolve the dispute.

Additionally, district courts may deny as untimely motions to compel filed after the discovery deadline has passed. *See* Fed. R. Civ. P. 16(b); *Craig-Wood v. Time Warner N.Y.*

*Cable LLC*, 549 F. App'x 505, 508 (6th Cir. 2014).  Further, if a movant is aware of the grounds for a motion to compel prior to the close of discovery, he is not prejudiced by the district court's denial of an untimely motion.  *Ginett v. Fed. Express Corp.*, 166 F.3d 1213 (Table), 1998 WL 777998, at *5 (6th Cir. 1998).  However, untimely motions to compel discovery may be granted if the movant demonstrates good cause.  *See* Fed. R. Civ. P. 16(b)(4) (permitting district court to modify a scheduling order only upon a showing of "good cause"); *Ross v. Fluid Routing Solutions, Inc.*, 605 F. App'x 544, 545 (6th Cir. 2015); *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 199 n.5 (E.D. Mich. 2002).  For example, in *Saalman v. Reid*, the district court suggested that a motion to compel could be granted where the non-movant "unsatisfactorily answered" interrogatories or refused to produce requested documents.  No. 3:04CV0371, 2006 WL 581246, *1 (S.D. Ohio Mar. 8, 2006).

### III.

### A.    Mitchell's Failure to Comply with Applicable Federal and Local Rules

Mitchell's motion to compel fails to comply with the requirements in Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1.[1]  While the plaintiff's counsel asserts that he informed the defendants of their alleged failure to produce the training materials for the model X2 taser [Record No. 59, pp. 4–5], he did not attach the required certification to the motion to compel.  L.R. 37.1.

Even if the plaintiff's statement in his brief qualified as the appropriate "certification," the required certification "must include more than a cursory recitation" that

---

[1]    These requirements were reiterated in the Scheduling Order.  [Record No. 8, p. 2, ¶ 5]

- 4 -

the parties have not been able to resolve the matter. *Peavey v. Univ. of Louisville*, No. 3:09-CV-00484-R, 2010 WL 3620340, *2 (W.D. Ky. Sept. 13, 2010) (quoting *In re Johnson*, 408 B.R. 115, 120 (S.D. Ohio 2009)). Here, Mitchell has not provided sufficient information to allow the Court to determine whether he "in good faith conferred or attempted to confer" with the defendants regarding the dispute.[2] Fed. R. Civ. P. 37(a)(1); *see Peavey*, 2010 WL 3620340, at *2. Specifically, Mitchell's brief states that he "informed the Defendants that the log of a model X2 was produced but other materials relating to model X26 TASER devices were produced." [Record No. 59, p. 4] It is unclear whether this statement should have alerted the defendants to any deficiency in their production because it seems to indicate that the defendants over-produced documents in response to the plaintiff's request.

Because Mitchell's motion is deficient under Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1, it will be denied.

**B.     Timeliness**

Next, Mitchell's motion to compel is untimely. Not only did Mitchell file the motion over two months after the close of discovery [*see* Record No. 8, p. 2], he also filed it after the Court denied his prior two attempts to re-open discovery. [Record Nos. 46, 52, 53] The plaintiff has not demonstrated good cause for modifying the Scheduling Order. Fed. R. Civ. P. 16(b)(4); *Suntrust Bank*, 210 F.R.D. at 199 n.5. And even if the defendants failed to produce the requested materials, Mitchell should have been aware of this failure on August 10, 2015, when the defendants provided him with Officer Mike's taser log which states on

---

[2]     Further, the defendants allege that the plaintiff never contacted them regarding the alleged production deficiencies. [Record No. 63, p. 4] The plaintiff has not responded to this allegation.

the first page that it refers to an "X2" model. [Record Nos. 50-2; 59, p. 1] Contrary to counsel's assertion, he had no need to "wade through" an 87-page log to discover this information. Because Mitchell should have been aware of the need for a motion to compel prior to the close of discovery, he cannot establish prejudice by the denial of his motion. *Ginett*, 166 F.3d 1213 (Table), 1998 WL 777998, at *5.

Mitchell attempts to demonstrate good cause for his dilatory conduct by referencing a settlement demand to which the defendants did not respond. [Record No. 59, p. 4] This settlement demand appears to have occurred after the close of discovery. [*See* Record No. 45.] As a result, even if this were a relevant factor in the Court's analysis, it does not explain why Mitchell failed to file the present motion in accordance with the Scheduling Order.

C.  **Mootness**

Mitchell's motion to compel is also moot because the defendants have produced the requested documents. While Mitchell claims that the training materials provided by the defendants referred only to the model X26 taser, the defendants have attached the outline of the training materials provided to the plaintiff, which explicitly states that it covers multiple models, including the X26 and X2. [Record No. 63-1] The plaintiff has not disputed this contention. Thus, Mitchell's motion to compel is moot. *See, e.g.*, *GATX Corp. v. Appalachian Fuels, LLC*, No. 09-41-DLB, 2010 WL 5067688, *1 (E.D. Ky. Dec. 7, 2010) (denying motion to compel where non-movant's response brief contained prior e-mails sent to the movant responding to interrogatories, and movant failed to file a reply brief to dispute those e-mails).

## IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Plaintiff Mitchell's motion to compel [Record No. 59] is **DENIED**.

This 14th day of December, 2015.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge